FILED
BILLINGS DIV.
2011 NOV 7 PM 12 13
PATRICK E. DUFFY, CLERK
BY _____
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| RUDY STANKO, individually and on behalf of similarly situated citizens,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, c/o Attorney General of the United States,<br><br>　　　　Defendant. | Cause No. CV 11-116-BLG-RFC-CSO<br><br><br><br><br>ORDER OF DISMISSAL |

On October 11, 2011, Rudy Stanko filed a "Petition for Declaratory Judgment and Certification Pursuant to 28 U.S.C. § 2403(a)." Stanko is proceeding pro se.

A district court is obliged to review its own jurisdiction *sua sponte*. *Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181 (7th Cir. 1989); Fed. R. Civ. P. 12(h)(3). Jurisdiction does not lie if there is no case or controversy. U.S. Const. Art. III, § 2.

ORDER OF DISMISSAL / PAGE 1

Stanko asks for a declaratory judgment stating that he "cannot be imprisoned for up to ten years, see 18 U.S.C. §§ 922(g)(1) & 924(a)(2), for possession of the following firearms, because they are not defined as firearms, i.e., weapons of [sic] destructive devices" under the statutes in question. Pet. (doc. 1) at 1. He then describes various firearms and destructive devices that are listed in 18 U.S.C. §§ 921, 922, 924, and 26 U.S.C. § 5845 and, as I understand it, asks me to say he cannot be prosecuted for conforming his conduct to the law. Pet. at 2-3.

Stanko does not challenge the statutes – that is, he does not claim they proscribe conduct that is protected by the First Amendment, the Second Amendment, or another provision. He does not say the statutes are so vague that he does not know what he may and may not do. He relies on the statutes. He has not "articulated a concrete plan to *violate* the law in question," *Wolfson v. Brammer*, 616 F.3d 1045, 1058 (9th Cir. 2010) (emphasis added), only his intent to comply with the statutes. Therefore, there is no case or controversy.

Certification under 28 U.S.C. § 2403(a) is not required because Stanko does not challenge the constitutionality of an Act of Congress.

Accordingly, IT IS HEREBY ORDERED that Stanko's petition (doc. 1) is DISMISSED for lack of subject-matter jurisdiction. The Clerk of Court shall enter,

by separate document, a judgment of dismissal.

DATED this 7th day of November, 2011.

/s/ Richard F. Cebull
Richard F. Cebull, Chief Judge
United States District Court